**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Jonathan Emilien, | Case No. 0:25-636-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Lt. G. Bush, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 87) recommending that the Court grant Defendant's motion for summary judgment (Dkt. No. 72) and deny Plaintiff's motion for summary judgment (Dkt. No. 66). For the reasons stated below, the Court adopts the R&R as the order of the Court, grants Defendant's motion for summary judgment, and denies Plaintiff's motion for summary judgment.

## I.    Background

Plaintiff is proceeding *pro se* and is a state prisoner. Plaintiff's amended complaint brings one claim against Defendant Bush under 42 U.S.C. § 1983.

Plaintiff alleges that October 4, 2024, while at McCormick Correctional Institution, he "threatened suicide." (Dkt. No. 17 at 3). Plaintiff alleges Defendant filed an incident report wherein Defendant falsely stated he heard Plaintiff state he would stab Defendant and another correctional officer. (*Id.* at 3). Plaintiff alleges he was immediately moved to "dorm [F]" for 45-days which is a more restrictive housing area. (*Id.*). Plaintiff alleges Defendant intentionally falsified this report because, in February 2023, Plaintiff and Defendant were both at a different facility and Plaintiff filed grievances and a lawsuit against Defendant. (*Id.* at 2); (Dkt. No. 87 at 2). At the disciplinary hearing related to the October 2024 incident, Captain Walltower testified she did not hear Plaintiff

1

make threats to other officers and Plaintiff was found not guilty of the charge of "threatening an employee." (Dkt. No. 87 at 2).

The Court construed Plaintiff's allegations as a claim for retaliation in violation of the First Amendment. (*Id.*); Order, (Dkt. No. 22 at 1). Plaintiff did not object to the Court's construction of his claims. (Dkt. No. 32). Plaintiff seeks monetary relief.

The parties filed cross-motions for summary judgment. (Dkt. Nos. 66, 72). The Magistrate Judge filed an R&R recommending that Defendant's motion for summary judgment be granted and that Plaintiff's motion for summary judgment be denied. (Dkt. No. 87). Plaintiff filed objections to the R&R to which Defendant filed a reply. (Dkt. Nos. 89, 92).

The parties' respective motions for summary judgment are ripe for disposition.

## II.    Legal Standards

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### B.  Fed. R. Civ. P. 56

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the

portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### III. Discussion

An inmate has a First Amendment right to be free from retaliation by prison officials for filing a grievance. *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 546 (4th Cir. 2017). "[A] First Amendment retaliation claim under § 1983 consists of three elements: (1) the plaintiff engaged in constitutionally protected First Amendment activity, (2) the defendant took an action that adversely affected that protected activity, and (3) there was a causal relationship between the plaintiff's protected activity and the defendant's conduct." *Id.* at 537. The Magistrate Judge found that, at a minimum, Plaintiff could not show element (3) and that Defendant was therefore entitled to summary judgment. (Dkt. No. 87 at 5).

After a de novo review of the record, the Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that the Court should grant Defendant's motion for summary judgement and deny Plaintiff's motion for summary

judgment. Namely, the Magistrate Judge correctly concluded that Defendant had shown the decision to move Plaintiff to more restrictive housing would have been made absent any protected conduct. *Martin v. Duffy*, 977 F.3d 294, 299-300 (4th Cir. 2020); (Dkt. No. 87 at 6).

Plaintiff filed various objections to the R&R. (Dkt. No. 89). None are availing.

First, Plaintiff argues that the R&R misconstrued his claim—that it was based "solely on the false incident report written with a retaliatory animus." (*Id.* at 1). The Court overrules this objection as it misstates Plaintiff's own complaint. (Dkt. No. 17 at 3) ("Plaintiff alleges that the defendant's statement to lie on him and get him moved to dorm [F] due to what he'd written in Kirkland establishes a link to the defendant's intentions and the plaintiff's protected activities, as adverse[] actions.") (errors in original). Said differently, the R&R correctly described Plaintiff's claim. (Dkt. No. 87 at 1) (noting Court previously construed Plaintiff's claim as "retaliation in violation of the First Amendment" and that Plaintiff did not object to Court's construction of claim). The Court overrules this objection.

Second, Plaintiff objects to the R&R's conclusion that the decision to move Plaintiff to restrictive housing would have been taken regardless of whether or not Defendant falsely stated in his report that Plaintiff threatened prison employees. (Dkt. No. 89 at 1). Plaintiff states that no policy exists which requires that inmates who threaten suicide be moved to more restrictive placements. (*Id.*). Plaintiff argues that "Op.21.04," "Section 10.2.2" requires placement for "gang affiliations, strong armings, and intimidation" only, not "mental health." (*Id.*); R&R, (Dkt. No. 87 at 6) (noting that Defendant testified inmates must be moved to restricted housing after threatening suicide and noting Plaintiff had not put forth evidence to rebut Defendant's testimony to this effect).

4

The Court overrules this objection. As Defendant notes, Defendant put forward evidence that on October 4, 2024, Plaintiff refused to return to his cell *and* threatened to kill himself by jumping off the balcony railing—facts Plaintiff does not dispute. *See, e.g.*, Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, (Dkt. No. 78 at 6) ("I refused to go into my cell due to a suicide attempt."); Defendant Affidavit, (Dkt. No. 72-2 at 3) (noting Plaintiff "refused to return to [his] cell[] during a lockdown"); Reply to Plaintiff's Objections to R&R, (Dkt. No. 92 at 5). Further, Defendant correctly points out that the document Plaintiff relies on—what Plaintiff calls "Op.21.04"—itself justifies Plaintiff's placement in restrictive housing. (Dkt. No. 92 at 5); Plaintiff's Motion for Summary Judgment, (Dkt. No. 66-5 at 57) (noting, under "814 Inciting/Creating a Disturbance," that "[a]ny action or activity which results in a disruption of institutional operations" is an offense); Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, (Dkt. No. 78-1 at 64) (infraction for "Refusing or Failing to Obey Orders" stating that "[n]oncompliance with a legitimate order" constitutes an offense). At most then, reading all facts in a light most favorable to Plaintiff, while he can arguably establish that "the adverse action taken against him was motivated both by Plaintiff's own unprotected conduct and his protected speech[,] such is insufficient" to survive summary judgment, (Dkt. No. 92 at 5), because "[i]f a prison official shows she would have taken the same actions if the inmate engaged only in misconduct, courts logically infer legitimate reasons caused the adverse action, not retaliatory ones." *Martin*, 977 F.3d at 302. Thus, Plaintiff's objection is overruled.

Last, Plaintiff objects simply that Defendant's "motives were retaliatory." (Dkt. No. 39 at 2). This is not a specific objection as it contains no argumentation about why a particular portion of the R&R is incorrect. Accordingly, the Court overrules this final objection.

**Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 87) as the Order of the Court, **GRANTS** Defendant's motion for summary judgment, (Dkt. No. 72), and **DENIES** Plaintiff's motion for summary judgment, (Dkt. No. 66).

**AND IT IS SO ORDERED.**


s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

April 28, 2026
Charleston, South Carolina

6